# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MADELINE AMARAL**

    Plaintiff,

v.   CASE NO.:

**JOHN BEAN TECHNOLOGIES CORPORATION,**

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff MADELINE AMARAL (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant JOHN BEAN TECHNOLOGIES CORPORATION (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

1. This is a claim by Plaintiff against her former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from discrimination based on her national origin and retaliation, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress

damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2. Plaintiff was hired by Defendant on or around October 22, 2018.

3. At the time of her termination on or around September 2, 2020, Plaintiff worked for Defendant as an Accounts Receivable Coordinator.

4. Defendant JOHN BEAN TECHNOLOGIES CORPORATION, owns, controls, and operates a business providing technology services to the food processing and air transportation industries in the state of Florida, including the location where Plaintiff was employed.

## JURISDICTION & VENUE

5. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims.

7. The acts and omissions giving rise to this action occurred in Orlando, Florida.

8. Defendant conducts business in Orlando, Florida.

9. Plaintiff was employed with Defendant in Orlando, Florida.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11. This is an action at law raises a federal question under federal law.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13. Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14. Plaintiff is a Hispanic individual who suffered discrimination based on her ethnicity/national origin and retaliation.

15. Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

16. Plaintiff was qualified for her position of employment as an Accounts Receivable Coordinator.

17. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

18. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

19. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around December 16, 2020.

20. The EEOC issued a Notice of Right to Sue on July 7, 2021.

21. Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

22. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

23. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## **FACTUAL ALLEGATIONS**

24. Plaintiff began her employment with Defendant on or around October 22, 2018.

25. During her employment with Defendant, Plaintiff had no significant disciplinary or performance issues.

26. During her employment with Defendant, Plaintiff was subjected to discrimination based upon her ethnicity and national origin.

27. The discriminatory and illegal actions were committed by supervisors, directors, and Human Resources personnel of the Defendant.

28. Plaintiff is as Hispanic female.

29. Plaintiff's first language is Spanish.

30. Throughout her employment, Plaintiff communicated in English with co-workers and clients daily.

31. Plaintiff interacted with her clients and co-workers without issues, and they never expressed having trouble understanding what Plaintiff was communicating in English.

32. Following a sales meeting in or around May 2020, Plaintiff received a call from her supervisor, Paul Johnson (hereinafter "Johnson").

33. Johnson stated to the Plaintiff that Defendant's CFO of the unit complained about Plaintiff's English as well as her "accent."

34. Johnson further stated that the CFO also contacted Human Resources and complained about Plaintiff's accent and that Plaintiff would "need to defend [herself]."

35. The next day, Plaintiff emailed Johnson and objected to the discrimination and provided examples as to why her "accent" had never interfered with her communication skills or job performance.

36. Thereafter, Defendant began retaliating against the Plaintiff for objecting to Defendant's illegal discrimination.

37. Defendant began taking accounts from Plaintiff and she was no longer allowed to conduct reports on her accounts.

38. Defendant also began questioning several of Plaintiff's co-workers as to whether they had issues "understanding" her English.

39. In July 2020, Plaintiff was called to a meeting with Human Resources personnel Melanie Mack and Danny Rodriguez, as well as Paul Johnson.

40. During the July 2020 meeting, Plaintiff was told Defendant wanted her to "improve" her English and become "fluent" in the language.

41. At this time, Plaintiff had been employed with Defendant for a year and half without any previous issues, complaints, or incidents related to her speaking the English language.

42. Moreover, during the July 2020 meeting, Plaintiff was praised for being "highly competent" and having a "very good understanding of [her] role."

43. Plaintiff was also advised Defendant wanted her to take English courses at Valencia College.

44. When Plaintiff objected, Plaintiff was singled out and reprimanded by Defendant due to her ethnicity and national origin.

45. Nevertheless, Plaintiff agreed to enroll in English courses which were scheduled to begin on October 12, 2020.

46. However, on or around September 2, 2020, Plaintiff was terminated citing a "workforce reduction."

47. Defendant's reason for Plaintiff's termination was false and a pretext for discrimination and retaliation.

48. Indeed, shortly after her termination, Plaintiff learned that Defendant was advertising her exact position (same duties and responsibilities, etc.) under a different job title.

49. The comments and behavior to which Plaintiff was subjected were on the basis of her national origin.

50. Defendant also retaliated against Plaintiff for opposing Defendant's discriminatory actions.

51. Defendant treated individuals outside of Plaintiff's protected class more favorably.

52. Further, upon information and belief, Defendant replaced Plaintiff with someone outside Plaintiff's protected category.

## COUNT I
## DISCRIMINATION IN VIOLATION TITLE VII- NATIONAL ORIGIN

53. Plaintiff realleges and adopts allegations contained in paragraphs 1-35, 38-48, and 50-52, as though fully stated herein.

54. Plaintiff is a member of a protected class because she is Hispanic.

55. At all material times, Plaintiff was qualified to perform her job duties.

56. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her national origin.

57. Defendant did not subject non-Hispanic employees to discriminatory treatment.

58. Plaintiff suffered an adverse employment action when she was terminated.

59. The discrimination to which Plaintiff was subjected was based on her national origin.

60. Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

61. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

62. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

63. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

64. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT II
## DISCRIMINATION IN VIOLATION OF FCRA- NATIONAL ORIGIN

65. Plaintiffs realleges and adopts all allegations contained within paragraphs 1-35, 38-48, 50-52 as though fully stated herein.

66. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

67. Defendant discriminated against Plaintiff based on her national origin.

68. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

69. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

70. At all material times, Plaintiff was qualified to perform her job duties.

71. Defendant discriminated against Plaintiff because of her national origin.

72. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

73. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and

continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

74. Plaintiff realleges and adopts allegations contained in paragraphs 1-28, 46-47, 49-52 as though fully stated herein.

75. At all times material hereto, Plaintiff was qualified to perform her job duties.

76. Plaintiff engaged in statutorily protected activity when she opposed Defendant's discriminatory actions against her.

77. Plaintiff suffered an adverse employment action when Defendant began taking client accounts from Plaintiff, blocked her from having access to her account reports, and ultimately terminated Plaintiff.

78. A causal connection exists between the protected activity and the adverse action.

79. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints of discrimination.

80. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

81. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

82. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

83. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

84. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a. judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT IV
## RETALIATION IN VIOLATION OF FCRA

85. Plaintiff realleges and adopts allegations contained in paragraphs 1-28, 46-47, 49-52 as though fully stated herein.

86. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

87. Plaintiff engaged in statutorily protected activity when she opposed Defendant's discriminatory actions against her.

88. Plaintiff suffered an adverse employment action when Defendant began taking client accounts from Plaintiff, blocked her from having access to her account reports, and ultimately terminated Plaintiff.

89. A causal connection exists between the protected activity and the adverse action.

90. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the FCRA because it treated Plaintiff less favorably because of her complaints of discrimination.

91. Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

92. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

93. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

94. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

95. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 7th day of September, 2021.

                                ***/s/ Anthony J. Hall***
                                Anthony J. Hall, Esq.
                                FL Bar No. 40924
                                THE LEACH FIRM, P.A.
                                631 S. Orlando Avenue, Suite 300
                                Winter Park, Florida 32789
                                Telephone: (407) 574-4999
                                Facsimile: (833) 523-5864
                                Email: ahall@theleachfirm.com
                                Email: npacheco@theleachfirm.com
                                ***Attorneys for Plaintiff***