UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MADELINE AMARAL,

      Plaintiff,

v.                                  Case No: 6:21-cv-1474-ACC-EJK

JOHN BEAN TECHNOLOGIES
CORPORATION,

      Defendant.

**ORDER**

This cause comes before the Court on the parties' Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice (the "Motion"), filed June 8, 2022. (Doc. 24.) Upon consideration, the Motion is due to be denied without prejudice.

    **I.**     **BACKGROUND**

On September 7, 2021, Plaintiff instituted this action against Defendant, alleging Defendant discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. (Doc. 1.) On January 3, 2022, with leave of Court, Plaintiff filed the operative amended complaint, which also alleged Defendant failed to pay Plaintiff overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 19.) Plaintiff asserts she worked for Defendant from October 22, 2018, through September 2, 2020, during which time Plaintiff worked in excess of forty hours per work week during one or more

work weeks. (*Id.* ¶ 67.) Plaintiff alleges she worked an average of ten hours over forty hours per week and that Defendant failed to pay her overtime compensation. (*Id.* ¶¶ 68, 71.) Defendant responded to the Complaint and denied these claims. (Doc. 22.)

On June 8, 2022, the parties filed a joint notice of settlement notifying the Court that they reached a resolution in the case, in addition to the instant Motion seeking approval of their Settlement Agreement. (Docs. 23, 24.)

## II.   STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was

designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for a compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

## III.   DISCUSSION

Plaintiff has agreed to the following release in the FLSA Settlement Agreement:

> For consideration that she is otherwise not entitled to receive, the Plaintiff, on her own behalf and for her spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors or assigns, covenants not to sue, and expressly releases, and holds harmless the Defendant, its parent corporation, and their respective members, subsidiaries, affiliates, divisions and related entities, together with all predecessors, successors, and assigns and their respective affiliates and members, all past and present

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit).

> representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing, both personally and in their respective business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively, "the Releasees" or singularly, "Releasee") from any and all rights, claims, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespass damages, judgments, executions, liens, demands, damages, actions, causes of action of any nature whatsoever arising at law or in equity, which the Plaintiff may have had, may now have or may have in the future, both known and unknown, against the Defendant or any Releasee under the FLSA, from the beginning of the world to the Effective Date of this FLSA Settlement Agreement, including, but not limited to, any claims that the Plaintiff has asserted, or could have asserted against the Defendant or any Releasee under the FLSA. Nothing in this FLSA Settlement Agreement shall be construed to prohibit the Plaintiff from (a) challenging Defendant's failure to comply with its promises to make payment or comply with the other promises in this FLSA Settlement Agreement; (b) asserting her right to any vested benefits under ERlSA-covered employee benefit plans as applicable on the date the Plaintiff signs this Agreement; (c) asserting any claim for unemployment or workers' compensation benefits; and/or (d) asserting any claim that cannot lawfully be waived by private agreement. This FLSA Settlement Agreement shall also be understood to release any wage claims that could have been made under the laws of the state of Florida, including, but not limited to, the Florida Minimum Wage Act ("FMWA").

(Doc. 24 at 13–14.)

Releases given to numerous unnamed individuals, collectively referred to as "Releasees," are insufficient where the parties are not identified. *Correa v. House of Glass, Inc.*, No. 6:17-cv-676-Orl-28TBS, 2017 WL 8794847, at *4 (M.D. Fla. Oct. 19, 2017) (recommending rejection of the settlement agreement in part because the release

extended to numerous unnamed individuals), *denied as moot by*, 2018 WL 1801207 (denying the R&R as moot due to the parties' subsequent filing of a renewed motion for settlement approval); *Schultz v. Tartini at Rock Springs Ridge, LLC*, No. 6:17-cv-815-Orl-37KRS, 2017 WL 11062615, at *2 (M.D. Fla. Sept. 22, 2017) (ordering the parties to file a renewed motion for settlement agreement approval in part because the motion did not address the breadth of the release given to defendants). Though Courts have approved releases that extend to non-parties where the release is limited to the claims asserted in the complaint, the release here is not so limited. *See, e.g.*, *Marte v. Gizmo Orlando, Inc.*, Case No. 6:18-cv-596-Orl-37KRS, 2018 WL 4610620, at *4 (M.D. Fla. May 31, 2018), *report and recommendation adopted*, 2018 WL 3084007 (M.D. Fla. June 22, 2018) ("To the extent that Plaintiff has FLSA claims that were not asserted in the complaint (such as minimum wage claims), the parties have not demonstrated that there is a *bona fide* dispute as to such claims and, thus, that they are appropriate for compromise.").

## IV.     CONCLUSION

Accordingly, the parties' Joint Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice (Doc. 24) is **DENIED WITHOUT PREJUDICE**. The parties may file a renewed motion that addresses the issues set forth in this Order and a revised settlement agreement **on or before August 9, 2022**.

**DONE** and **ORDERED** in Orlando, Florida on July 26, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE