UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MADELINE AMARAL,

        Plaintiff,

v.                             Case No: 6:21-cv-1474-ACC-EJK

JOHN BEAN TECHNOLOGIES
CORPORATION,

        Defendant.

### ORDER

This cause comes before the Court on the parties' Joint Renewed Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice ("the Motion"), filed August 1, 2022. (Doc. 27.) Upon consideration, I respectfully recommend that the Motion is due to be denied without prejudice.

### I.    BACKGROUND

On September 7, 2021, Plaintiff instituted this action against Defendant, alleging that Defendant discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. (Doc. 1.) On January 3, 2022, with leave of Court, Plaintiff filed an amended complaint, which also alleged Defendant failed to pay Plaintiff overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 19.) Plaintiff asserts that she worked for Defendant from October 22, 2018, through September 2, 2020, during which time Plaintiff worked in excess of forty hours per work week during one

or more work weeks. (*Id.* ¶ 67.) Plaintiff alleges she worked an average of ten hours over forty hours per week and that Defendant failed to pay her overtime compensation. (*Id.* ¶¶ 68, 71.) Defendant responded to the Complaint and denied these claims. (Doc. 22.)

On June 8, 2022, the parties filed a joint notice of settlement notifying the Court that they had reached a resolution in this case, and they sought approval of their Settlement Agreement. (Docs. 23, 24.) On July 26, 2022, the Court denied the joint notice of settlement without prejudice, noting that the Settlement Agreement contained an overbroad Release. (Doc. 26 at 6.) On August 1, the parties filed the instant Joint Renewed Motion seeking approval of their amended settlement agreement. (Doc. 27-1.)

## II.   STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated

minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for a compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit).

## III. DISCUSSION

Plaintiff has agreed to the following amended release in the Agreement:

> For consideration that she is otherwise not entitled to receive, the Plaintiff, on her own behalf and for her spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors or assigns, covenants not to sue, and expressly releases, and holds harmless the Defendant, and its respective members, subsidiaries, affiliates, divisions and related entities, together with all predecessors, successors, and assigns and their respective affiliates and members, all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing, both personally and in their respective business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively, "the Releasees" or singularly, "Releasee") from any and all claims the Plaintiff alleged against Defendant under the FLSA in the Civil Action. Nothing in this FLSA Settlement Agreement shall be construed to prohibit Plaintiff from (a) challenging Defendant's failure to comply with its promises to make payment or comply with the other promises in this FLSA Settlement Agreement; (b) asserting her right to any vested benefits under ERlSA-covered employee benefit plans as applicable on the date the Plaintiff signs this Agreement; (c) asserting any claim for unemployment or workers' compensation benefits; and/or (d) asserting any claim that cannot lawfully be waived by private agreement.

(the "Release") (Doc. 27-1 ¶ 5.)

In the Agreement, the Release is not limited to Defendant. Rather, the Release extends to various unidentified non-parties, including

> related entities, together with all predecessors, successors, and assigns and their respective affiliates and members, all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing, both personally and in their respective business capacities, and their employee

>> benefit plans and programs and their administrators and fiduciaries.

(*Id.*) The undersigned cannot approve a release to a "host of individuals and entities" including "unnamed past and present employees, agents, affiliated and subsidiary companies . . . ." *Correa v. House of Glass, Inc.*, No. 6:17-cv-676-Orl-28TBS, 2017 WL 8794847, at *4 (M.D. Fla. Oct. 19, 2017) ("I wonder whether Plaintiff actually knows who [s]he is releasing or why all of these individuals and entities should enjoy the benefit of [her] release."). Consequently, the Motion is due to be denied without prejudice.

## IV. CONCLUSION

Accordingly, the parties' Joint Renewed Motion for Approval of Fair Labor Standards Act Settlement and Dismissal with Prejudice (Doc. 27) is **DENIED WITHOUT PREJUDICE**. The parties may file a renewed motion that addresses the issues set forth in this Order and a revised settlement agreement, if applicable, on or before October 19, 2022.

**DONE** and **ORDERED** in Orlando, Florida on October 5, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

- 6 -