UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MADELINE AMARAL,**

          **Plaintiff,**

v.                                              Case No: 6:21-cv-1474-ACC-EJK

**JOHN BEAN TECHNOLOGIES CORPORATION,**

          **Defendant.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on the parties' Second Joint Renewed Motion for Approval of Fair Labor Standards Act Settlement (the "Motion"), filed October 19, 2022. (Doc. 29.) Upon consideration, I respectfully recommend that the Motion be granted.

**I.    BACKGROUND**

On September 7, 2022, Plaintiff instituted this action against Defendant, alleging that Defendant discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. (Doc. 1.) On January 3, 2022, with leave of Court, Plaintiff filed an amended complaint, which also alleged Defendant failed to pay Plaintiff overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. (Doc. 19.) Plaintiff asserts that she worked for Defendant from October 22, 2018, through September 2, 2020, during which time Plaintiff worked in excess of forty hours per work week during one

or more work weeks. (*Id.* ¶ 67.) Plaintiff alleges she worked an average of ten overtime hours per week and that Defendant failed to pay her overtime compensation. (*Id.* ¶¶ 68, 71.) Defendant responded to the Complaint and denied these claims. (Doc. 22.)

On June 8, 2022, the parties filed a joint notice of settlement notifying the Court that they had reached a resolution in this case, and they sought approval of their Settlement Agreement. (Docs. 23, 24.) On July 26, 2022, the Court denied the joint notice of settlement without prejudice, noting that the Settlement Agreement contained an overbroad release. (Doc. 26 at 6.) On August 1, 2022, the parties filed a Joint Renewed Motion (Doc. 27-1), which the Court again denied for the same deficiencies. (Doc. 28.) On October 20, 2022, the parties filed the instant Motion for review. (Doc. 29.)

## II. STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated

minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for a compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981, are binding on the Eleventh Circuit).

### III. DISCUSSION

#### A. The Settlement Sum

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid minimum wage and unpaid overtime compensation plus an additional, equal amount, as liquidated damages. Title 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.")

According to the proposed settlement agreement (the "Agreement"), Defendant has agreed to pay Plaintiff a total of $1,500 in unpaid overtime compensation and $1,500 in liquidated damages. (Doc. 29-1 ¶ 3.) The parties agree that if Plaintiff worked forty hours in overtime for which she was not compensated, she would be entitled to approximately $1,400.00. (Doc. 29 at 4.) Accordingly, Plaintiff has not compromised on her claim within the meaning of *Lynn's Food,* 679 F.2d at 1354–55, and there is no need for further review.

#### B. Attorney's Fees

Plaintiff's attorney will receive a total of $2,000.00 for fees and costs. (Doc. 29-1 ¶ 3(c).) Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The parties represent that this amount was negotiated separately from the amount received by Plaintiff and the settlement is otherwise reasonable on its face; therefore,

further review is not required. (*Id.*); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (If the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

### C. Release

The parties have agreed to the following release:

> For consideration that she is otherwise not entitled to receive, the Plaintiff, on her own behalf and for her spouse, heirs, legal representatives, agents, attorneys, personal representatives, successors, or assigns, covenants not to sue, and expressly releases and holds harmless the Defendant ("Releasee") from any and all claims the Plaintiff alleged against Defendant under the FLSA in the Civil Action. Nothing in this FLSA Settlement Agreement shall be construed to prohibit the Plaintiff from (a) challenging Defendant's failure to comply with its promises to make payment or comply with the other promises in this FLSA Settlement Agreement; (b) asserting her right to any vested benefits under ERISA-covered employee benefit plans as applicable on the date the Plaintiff signs this Agreement; (c) asserting any claim for unemployment or workers' compensation benefits; and/or (d) asserting any claim that cannot lawfully be waived by private agreement.

(the "Release") (Doc. 29-1 ¶ 5).

General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted). As such, "[a]

compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352.

Judges in this District have found releases similar to the one presented here to pass judicial scrutiny because they do not require Plaintiff to release unknown claims that are unrelated to the FLSA claim. *See, e.g.*, *Belland v. Chinchor Electric, Inc.*, No. 6:14-cv-842-Orl-22TBS, 2015 WL 269069, at *4 (M.D. Fla. 2015) (approving release where it was restricted to FLSA claims). Therefore, because the release provision releases only Plaintiff's FLSA claims against Defendant and does not seek to release other non-FLSA related claims against unnamed parties, I recommend that the Court find this Release passes judicial scrutiny. *See Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted).

## IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the parties' Second Joint Motion for Approval of FLSA Settlement (Doc. 29);
2. **FIND** that the parties' Agreement (Doc. 29-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;
3. **DISMISS** the case **WITH PREJUDICE**; and
4. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on November 9, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE